**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | | |
|---|---|---|
| TRUSTEES OF THE TEAMSTERS UNION NO. 142 PENSION FUND, TRUSTEES OF THE TEAMSTERS UNION LOCAL NO. 142 TRAINING AND APPRENTICESHIP TRUST FUND, and TRUSTEES OF THE TEAMSTERS UNION LOCAL NO. 142 ANNUITY FUND,<br>Plaintiffs,<br><br>v.<br><br>UNDERGROUND INCORPORATED,<br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CAUSE NO.: 2:14-CV-449-PRC |

**OPINION AND ORDER**

This matter is before the Court on Plaintiffs' Motion for Summary Judgment [DE 19], filed by Plaintiffs Trustees of the Teamsters Union No. 142 Pension Fund, Trustees of the Teamsters Union Local No. 142 Training and Apprenticeship Trust Fund, and Trustees of the Teamsters Union Local No. 142 Annuity Fund on July 20, 2015. Defendant Underground Incorporated has not filed a response, and the time to do so has passed. For the reasons set forth below, summary judgment is granted in favor of Plaintiffs.

**PROCEDURAL BACKGROUND**

On December 8, 2014, Plaintiffs filed a Complaint against Underground Incorporated ("Underground"), alleging that Underground violated its obligations under a Collective Bargaining Agreement (CBA), Restated Trust Agreement, and Employer Contribution Collection Policy in that Underground failed to make the required contributions, beginning with contributions owed for July 2014 through the present. The action is brought pursuant to Section 502(a)(3), (e)(1), and (f) of the Employment Retirement Income Security Act (ERISA) and Section 301(a) of the Labor

Management Relations Act of 1947 (LMRA). *See* 29 U.S.C. §§ 1132(a)(3), (e)(1), and (f); 29 U.S.C. § 185(a). Underground filed an Answer on January 21, 2015.

The parties filed forms of consent to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c).

## SUMMARY JUDGMENT STANDARD

The Federal Rules of Civil Procedure mandate that motions for summary judgment be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Rule 56 further requires the entry of summary judgment, after adequate time for discovery, against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56(c)). "[S]ummary judgment is appropriate—in fact, is mandated—where there are no disputed issues of material fact and the movant must prevail as a matter of law. In other words, the record must reveal that no reasonable jury could find for the non-moving party." *Dempsey v. Atchison, Topeka, & Santa Fe Ry. Co.*, 16 F.3d 832, 836 (7th Cir. 1994) (citations and quotations omitted).

A party seeking summary judgment bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, that it believes demonstrate the absence of a genuine issue of material fact. *See Celotex*, 477 U.S. at 323; Fed. R. Civ. P. 56(c). The moving party may discharge its initial responsibility by simply "'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving

party's case." *Celotex*, 477 U.S. at 325. When the nonmoving party would have the burden of proof at trial, the moving party is not required to support its motion with affidavits or other similar materials negating the opponent's claim. *Celotex*, 477 U.S. at 323, 325; *Green v. Whiteco Indus., Inc.*, 17 F.3d 199, 201 n.3 (7th Cir. 1994); *Fitzpatrick v. Catholic Bishop of Chi.*, 916 F.2d 1254, 1256 (7th Cir. 1990). However, the moving party, if it chooses, may support its motion for summary judgment with affidavits or other materials, and, if the moving party has "produced sufficient evidence to support a conclusion that there are no genuine issues for trial," then the burden shifts to the nonmoving party to show that an issue of material fact exists. *Becker v. Tenenbaum-Hill Assoc.*, 914 F.2d 107, 110-111 (7th Cir. 1990) (citations omitted); *see also Hong v. Children's Mem'l Hosp.*, 993 F.2d 1257, 1261 (7th Cir. 1993).

Once a properly supported motion for summary judgment is made, the non-moving party cannot resist the motion and withstand summary judgment by merely resting on its pleadings. *See* Fed. R. Civ. P. 56(e); *Donovan v. City of Milwaukee*, 17 F.3d 944, 947 (7th Cir. 1994). Rule 56(e) provides that "[i]f a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion [or] grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it . . . ." Fed. R. Civ. P. 56(e)(2), (3); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-50 (1986). Thus, to demonstrate a genuine issue of fact, the nonmoving party must "do more than simply show that there is some metaphysical doubt as to the material facts," but must "come forward with 'specific facts showing that there is a *genuine issue for trial*.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986) (quoting Fed. R. Civ. P. 56(e)).

In viewing the facts presented on a motion for summary judgment, a court must construe all facts in a light most favorable to the non-moving party and draw all legitimate inferences in favor of that party. *See Anderson*, 477 U.S. at 255; *Srail v. Vill. of Lisle*, 588 F.3d 940, 948 (7th Cir. 2009); *NLFC, Inc. v. Devcom Mid-Am., Inc.*, 45 F.3d 231, 234 (7th Cir. 1995). A court's role is not to evaluate the weight of the evidence, to judge the credibility of witnesses, or to determine the truth of the matter, but instead to determine whether there is a genuine issue of triable fact. *See Anderson*, 477 U.S. at 249-50.

## MATERIAL FACTS

Underground entered into a Collective Bargaining Agreement (CBA) with the Teamsters Union Local No. 142 ("Union") for the period of June 1, 2014, through May 31, 2017. The CBA requires Underground to make periodic contributions on behalf of its employees to Plaintiffs' Pension Fund, Training and Apprentice Fund, and Annuity Fund ("the Funds") in amounts established by the CBA.

Underground failed to pay the required contributions into the Funds from July 2014 through November 2014. After this lawsuit was filed in December 2014, Underground made a series of payments of contributions and interest and has paid through March 2015.

Contributions still owed are detailed in the Affidavit of Jay Smith, as well as supporting documents. Underground has reported hours worked by its Teamster members for the period of April through June 2015, but those payments are now overdue. According to its reports, Underground owes $1,454.68 to the Pension Fund, $623.20 to the Annuity Fund, and $65.50 to the Training and Apprenticeship Trust Fund for April 2015 contributions. Underground owes $1,156.40 to the Pension Fund, $490.00 to the Annuity Fund and $49.00 to the Training and Apprenticeship Trust Fund for May 2015 contributions. Underground owes $1,486.80 to the Pension Fund, $630.00

4

to the Annuity Fund and $63.00 to the Training and Apprenticeship Trust Fund for June 2015 contributions. Exhibit D. The total of all outstanding contributions owed to all three funds from April through June 2015 is $6,018.58.

As a signatory to the CBA, Underground is bound by the Restated Agreement and Declaration of Trust ("Trust Agreement"). If Underground is delinquent in contributions, the Trust Agreement provides that the Trustees may take any steps necessary to collect the funds and that Underground shall pay interest on all moneys due and shall pay all expenses of collection incurred by the Trustees, including costs and legal fees. In addition, the Trust Agreement and the Employer Contribution Collection Policy require Underground to pay 10% per annum interest on any unpaid contributions, to pay liquidated damages in the sum of 20% of the total amount due, and to pay attorney fees and costs.

Accrued interest is $67.73 owed to the Pension Fund, $28.86 owed to the Annuity Fund, and $2.94 owed to the Training and Apprenticeship Fund, for a total of $99.53. The total amount of liquidated damages (20% of $6,018.58, the amount of unpaid contributions) is $1,203.71. Attorney fees and costs for all collection efforts and litigation to date total $3,345.26. The total amount owed to the Funds by Underground in unpaid contributions, interest, liquidated damages, attorney fees, and costs is $10,667.08.

Underground has never communicated directly or through counsel that it disputes the amount of contributions owed or the amount of interest, liquidated damages, or attorney fees assessed. (Exhibit 1, ¶ 27).

## ANALYSIS

Plaintiffs move the Court to enter summary judgment in their favor in the amount of $10,667.08 on the basis that there are no genuine issues of material fact regarding Defendant Underground's failure to pay contributions and related costs to Plaintiffs' funds as required by the CBA, Restated Trust Agreement, and Employer Contribution Collection Policy for April, May, and June 2015.

Based on the undisputed material facts above, Plaintiffs have established through the Affidavit of their fund manager, Jay Smith, and Defendant Underground has not disputed, that Underground owes $4,097.88 to the Pension Fund for the contributions for the period of April through June, 2015, to which $67.73 in interest has accrued; Underground owes the Annuity Fund $1,743.20 for the same time period, to which $28.86 in interest has accrued; and Underground owes the Training and Apprenticeship Trust Fund $177.50 for the same time period, to which $2.94 in interest has accrued.

The affidavit of Jay Smith establishes that liquidated damages owed by Underground total $1,203.71.

Smith's affidavit and the affidavit of attorney fees also establish that Underground owes attorney fees and costs in the amount of $3,345.26.

Therefore, Defendant Underground Incorporated is liable to Plaintiffs in the total amount of $10,667.08.

## CONCLUSION

Based on the foregoing, the Court hereby **GRANTS** Plaintiffs' Motion for Summary Judgment [DE 19] and **ORDERS** that Defendant Underground Incorporated is liable to Plaintiffs in the total amount of $10,667.08.

The Court **DIRECTS** the Clerk of Court to enter judgment in favor of Plaintiffs and against Defendant Underground Incorporated in the amount of $10,667.08.

So ORDERED this 31st day of August, 2015.

s/ Paul R. Cherry  
MAGISTRATE JUDGE PAUL R. CHERRY  
UNITED STATES DISTRICT COURT